**CT Corporation**

**Service of Process Transmittal**
05/26/2011
CT Log Number 518582307

**TO:** Sheron Young, Operations Manager Legal Department
Wal-Mart Stores, Inc.
702 SW 8th Street
Bentonville, AR 72716

**RE:** **Process Served in Iowa**

**FOR:** Wal-Mart Stores, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Wanda J. Philipsen, Pltf. vs. WalMart Stores, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Original Notice, Petition and Jury Demand, Notice, Release |
| **COURT/AGENCY:** | Polk County District Court, IA<br>Case # CL122300 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Wrongful termination on the basis of Pltf.'s disability - Retaliation for exercising Family and Medical Leave Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Des Moines, IA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/26/2011 at 15:14 |
| **JURISDICTION SERVED:** | Iowa |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Harley C. Erbe<br>Erbe Law Firm<br>2501 Grand Avenue<br>Des Moines, IA 50312<br>515-281-1460 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/26/2011, Expected Purge Date: 05/31/2011<br>Image SOP<br>Email Notification, Scott LaScala-CT West CLS-Verificationwest@WoltersKluwer.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 500 East Court Avenue<br>Des Moines, IA 50309 |
| **TELEPHONE:** | 800-592-9023 |



Page 1 of 1 / RR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| WANDA J. PHILIPSEN, | * | |
| | * | |
| Plaintiff, | * | NO. CL122300 |
| | * | |
| v. | * | |
| | * | ORIGINAL NOTICE |
| WALMART STORES, INC., | * | |
| | * | |
| Defendant. | * | |

TO THE ABOVE-NAMED DEFENDANT:

You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The attorney for the plaintiff is Harley C. Erbe, whose address is 2501 Grand Avenue, Des Moines, Iowa. That attorney's telephone number is (515) 281-1460; facsimile number (515) 281-1474.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County at the county courthouse in Des Moines, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

*Randy Osborn*

CLERK OF COURT
Polk County Courthouse
Des Moines, Iowa

**IMPORTANT**

YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| WANDA J. PHILIPSEN, | * | |
| | * | |
| Plaintiff, | * | NO. CL122300 |
| | * | |
| v. | * | |
| | * | PETITION AT LAW AND |
| WALMART STORES, INC., | * | JURY DEMAND |
| | * | |
| Defendant. | * | |

COMES NOW the plaintiff and sets forth her claims for relief and states:

## JURISDICTION AND GENERAL ALLEGATIONS

1. Plaintiff is a resident of Des Moines, Polk County, Iowa.

2. Defendant is an active foreign corporation with its principal place of business in Bentonville, Arkansas.

3. The incidents that form the basis for this suit occurred in Des Moines, Polk County, Iowa.

## DIVISION I -- DISABILITY DISCRIMINATION

4. Plaintiff realleges and incorporates by reference paragraphs 1-3 of this Petition as if set forth fully herein.

5. Plaintiff brings this count under Title I of the Americans With Disabilities Act of 1990 (hereafter "ADA"), 42 U.S.C. § 12111 et seq., and the Iowa Civil Rights Act (hereafter "ICRC") to redress disability discrimination that occurred during her employment with Defendant.

1

6. Jurisdiction is conferred on this court by 28 U.S.C. § 1331, 42 U.S.C. § 12117, and 42 U.S.C. § 2000e-5.

7. Defendant is an "employer" and/or "covered entity" within the definition of those terms under the ADA and ICRC.

8. Defendant employed Plaintiff from July 30, 2001 until Plaintiff's involuntary termination on March 29, 2010.

9. At all material times Plaintiff was a qualified individual with a disability within the definitions of the ADA and ICRC. At the time of Plaintiff's termination, Plaintiff suffered from lumbar radiculopathy.

10. Plaintiff missed work due to her lumbar radiculopathy from March 25, 2010 until March 27, 2010. Plaintiff provided a doctor's note to Defendant and explained why she needed to miss work and for how long.

12. Defendant failed and refused to provide Plaintiff the reasonable accommodation of unpaid medical leave and instead discharged Plaintiff for missing work due to medical reasons from March 25, 2010 until March 27, 2010.

13. At the time of Plaintiff's termination she was qualified to perform her job with Defendant.

14. Plaintiff filed an administrative complaint alleging disability discrimination with the Iowa Civil Rights Commission. Plaintiff's state and federal right-to-sue letters are attached.

15. Defendant by its actions has willfully, recklessly, maliciously, and intentionally discriminated against Plaintiff in violation of the ADA and ICRA.

WHEREFORE, Plaintiff prays for all remedies available to her under the ADA and ICRC, together with reasonable attorney fees, reasonable expenses, the costs of this action, and interest thereon as provided by law.

## DIVISION II -- FAMILY AND MEDICAL LEAVE ACT

16. This division seeks damages under the Family and Medical Leave Act for Defendant's discharge of and retaliation against Plaintiff in violation of the FMLA. It is brought pursuant to the FMLA's private enforcement provision, 29 U.S.C. § 2617(a)(1).

17. This court has jurisdiction over this action under 29 U.S.C. § 2617(a)(1).

18. Defendant constitutes an employer under 29 U.S.C. § 2611(4)(A).

19. Plaintiff qualified as an "eligible employee" under 29 U.S.C. § 2611(2).

20. At all material times, Plaintiff suffered from "serious health conditions" as defined by 29 U.S.C. § 2611(11).

### Count I
### (Unlawful Interference, Restraint, Or Denial Of FMLA Rights)

21. Plaintiff realleges and incorporates by reference paragraphs 1-20 of this Petition as if fully set forth herein.

22. Under 29 U.S.C. § 2615(a)(1), it is unlawful for an employer to interfere with, restrain, or deny the exercise of any right provided by the FMLA.

23. Plaintiff was entitled to up to twelve weeks of leave, including intermittent leave, for her serious health conditions pursuant to 29 U.S.C. § 2612(a)(1)(D).

24. Defendant violated 29 U.S.C. § 2615(a)(1) by involuntarily terminating Plaintiff for absences caused by Plaintiff's serious health conditions even though Plaintiff was entitled to FMLA leave, including intermittent leave, to care for those conditions.

WHEREFORE, Plaintiff prays for an award of damages against Defendant in an amount sufficient to fully and fairly compensate Plaintiff for Defendant's FMLA violation, together with liquidated damages, reasonable attorney fees, interest thereon as provided by law, and the costs of this action.

### Count II
### (Retaliation For Exercising FMLA Rights)

25. Plaintiff realleges and incorporates by reference paragraphs 1-20 of this Petition as if fully set forth herein.

26. Under 29 U.S.C. § 2615(a)(2), it is unlawful to retaliate against an employee for that employee's exercise of FMLA rights.

27. Defendant unlawfully retaliated against Plaintiff in violation 29 U.S.C. § 2615(a)(2) by involuntarily terminating her because she had received and/ore requested FMLA protection for her serious health conditions.

WHEREFORE, Plaintiff prays for an award of damages against Defendant in an amount sufficient to fully and fairly compensate Plaintiff for Defendant's FMLA violation, together with liquidated damages, reasonable attorney fees, interest thereon as provided by law, and the costs of this action.

## JURY DEMAND

COMES NOW the plaintiff and demands a trial by jury of all of the issues triable to a jury in the above cause of action.

*Harley C. Erbe*
Harley C. Erbe, AT002430
ERBE LAW FIRM
2501 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 281-1460
Facsimile: (515) 281-1474
E-Mail: erbelawfirm@aol.com

ATTORNEY FOR PLAINTIFF

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Wanda J. Philipsen
4300 S.E. 8th St
Des Moines, IA 50315

From: Milwaukee Area Office
310 West Wisconsin Ave
Suite 800
Milwaukee, WI 53203

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 26A-2010-01079 | Roxanne M. Kitzman, State & Local Coordinator | (414) 297-1112 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_signature_
John P. Rowe,
Director

MAR 3 0 2011
(Date Mailed)

Enclosures(s)

cc: WAL-MART STORES INC.
Attn: Human Resource Manager
702 S.W. 8th Street
Bentonville, AR 72716

Little Mendelson, PC
Attn: Erika Hickman
Two Biscayne Blvd, Suite 1500
Miami, FL 33131-1804

ERBE Law Firm
Attn: Harley C. Erbe
2501 Grand Ave
Des Moines, HI 50312

Administrative Release
(Letter of Right-To-Sue)

| To: | ) | From: |
|---|---|---|
| MS. WANDA PHILIPSEN<br>4300 S. E. 8TH ST.<br>DES MOINES, IA 50315-0000 | )<br>)<br>)<br>)<br>)<br>) | Iowa Civil Rights Commission<br>Grimes State Office Building<br>400 E. 14th Street<br>Des Moines, Iowa 50319 |
| Complaint CP# 08-10-59408     EEOC# 26A-2010-01079C | | |

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code Section 216.16 and 161 Iowa Administrative Code Section 3.10. It is issued pursuant to the Complainant's request.

The following conditions have been met:

1. The complaint was timely filed with the Iowa Civil Rights Commission (ICRC) as provided in Iowa Code Section 216.15(12);

2. Sixty (60) days have expired since the complaint was filed with ICRC;

3. None of the exceptions set forth in Administrative Rule 161 – 3.10(4) are applicable.

With this Administrative Release, the Complainant has the right to commence an action in state district court. That action must be commenced within ninety (90) days of the issue date 2/23/2011. *The Right-to-Sue Letter is not a finding by ICRC on the merits of the charge. ICRC will take no further actions in this matter.*

A copy of this Administrative Release/Letter of Right-To-Sue has been sent to the Respondent(s) and counsel(s) as shown below. The Code allows any party to obtain a complete copy of the case file after a Right-To-Sue has been issued. Requests for copies should be directed to Marcia Coverdale at ICRC.

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840

cc: File
HARLEY ERBE, Complainant's Attorney
ERIKA HICKMAN, Respondent's Attorney
WAL-MART STORES, INC.

ICRC/S36 (24)