IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| WANDA J. PHILIPSEN, | |
| Plaintiff, | NO. 4:11-cv-00283-JAJ-CFB |
| v. | |
| WAL-MART STORES, INC., | **ORDER ON MOTION TO WITHDRAW AND REPORT AND RECOMMENDATION FOR DISMISSAL** |
| Defendant. | |

This matter comes before the court on defendant's motion for sanctions of dismissal (#10) made pursuant to the court's order of October 18, 2011 (#7). Based upon a review of the pleadings and file, **IT IS ORDERED**:

(1) Plaintiff's counsel's motion to withdraw is **GRANTED**. Plaintiff was given notice of the motion to withdraw (proof of service #8) and the court's order of October 18, 2011.

(2) Plaintiff has not responded to the motion to withdraw. She shall be listed on the docket as proceeding *pro se*. The clerk shall use the address from the Proof of Service: 4300 S.E. 8th St., Des Moines, IA 50315.

(3) Plaintiff has not provided the initial disclosures as required by Fed. R. Civ. P. 26, and as required by the order of October 18, 2011. Therefore, it is respectfully recommended that pursuant to Fed. R. Civ. P. 26, 37, and 41, this case be dismissed with prejudice for failure to prosecute.

(4) Defendant is entitled to the reasonable fees and costs of bringing this motion. Defendant shall submit a statement of fees and expenses by December 30, 2011.

**IT IS RESPECTFULLY RECOMMENDED**, under 28 U.S.C. § 636(b)(1)(B), for the reasons outlined above, that this case be

dismissed for failure to prosecute.

**IT IS ORDERED** that within fourteen (14) days after being served with a copy of this Report and Recommendation, any parties may file written objections with the District Court, under 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990) (per curiam); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993). The Court will freely grant such extensions. *Martin v. Ellandson*, 122 F. Supp. 2d 1017, 1025 (S.D. Iowa 2000). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357; *Martin*, 122 F. Supp. 2d at 1025. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001) (citing *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994)).

**IT IS SO ORDERED.**

**DATED** this 14 day of December, 2011.

_____
CELESTE F. BREMER
United States Magistrate Judge